T.C. Summary Opinion 2009-36

UNITED STATES TAX COURT

TERRELL MICHAEL EUBANKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22717-07S.                  Filed March 19, 2009.

Terrell Michael Eubanks, pro se.

<u>Harry J. Negro</u>, for respondent.

CHIECHI, <u>Judge</u>:  This case was heard pursuant to the provi-
sions of section 7463 of the Internal Revenue Code in effect when
the petition was filed.[1]  Pursuant to section 7463(b), the deci-
sion to be entered is not reviewable by any other court, and this
opinion shall not be treated as precedent for any other case.

---

[1]Hereinafter, all section references are to the Internal
Revenue Code (Code) for the year at issue.  All Rule references
are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,047 in petitioner's Federal income tax (tax) for his taxable year 2006.

The issues for decision for petitioner's taxable year 2006 are:

(1) Is petitioner entitled to a dependency exemption deduction under section 151(a) for his girlfriend's child, MB?  We hold that he is not.

(2) Is petitioner entitled to head of household filing status under section 2(b)?  We hold that he is not.

(3) Is petitioner entitled to the child tax credit under section 24(a)?  We hold that he is not.

(4) Is petitioner entitled to the additional child tax credit under section 24(d)?  We hold that he is not.

(5) Is petitioner entitled to the earned income tax credit under section 32(a)?  We hold that he is not.

## Background

Some of the facts in this case have been stipulated by the parties and are so found.

At the time petitioner filed the petition in this case, he resided in Pennsylvania.

MB is the son of Christa Barfield (Ms. Barfield), petitioner's girlfriend.  Petitioner is not biologically related to MB, and he is not MB's adoptive father.

Petitioner filed a timely Form 1040A, U.S. Individual Income Tax Return (tax return), for his taxable year 2006. In that tax return, petitioner claimed (1) head of household filing status, (2) a dependency exemption deduction for MB, (3) the child tax credit, (4) the additional child tax credit, and (5) the earned income tax credit.

Respondent issued to petitioner a notice of deficiency (notice) for his taxable year 2006. In that notice, respondent, inter alia, disallowed petitioner's claimed (1) head of household filing status, (2) dependency exemption deduction for MB, (3) child tax credit, (4) additional child tax credit, and (5) earned income tax credit.

## Discussion

Petitioner has the burden of establishing that the determinations in the notice are wrong. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

In support of his position with respect to each of the issues presented in this case, petitioner relies on his own testimony and the testimony of his girlfriend, Ms. Barfield. We found petitioner's testimony to be in certain material respects conclusory, vague, uncorroborated, and self-serving. We found the testimony of Ms. Barfield to be in certain material respects conclusory, vague, uncorroborated, and serving the interest of her boyfriend, petitioner. We are not required to, and we shall

not, rely on the respective testimonies of petitioner and Ms. Barfield in order to establish petitioner's respective positions with respect to the issues presented.  See, e.g., <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986).

Dependency Exemption Deduction

Section 151(a) provides that "the exemptions provided by this section shall be allowed as deductions" to a taxpayer. Section 151(c) provides an exemption for each dependent of the taxpayer as defined in section 152.  Section 152(a) defines the term "dependent" to mean either a qualifying child or a qualifying relative.

We turn first to whether for petitioner's taxable year 2006 MB is petitioner's qualifying child and therefore is his dependent under section 152(a)(1).  Section 152(c) defines the term "qualifying child" as follows:

SEC. 152.  DEPENDENT DEFINED.

(c) Qualifying Child.--For purposes of this section--

(1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

(B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,

(C) who meets the age requirements of paragraph (3), and

(D) who has not provided over one-half
of such individual's own support for the
calendar year in which the taxable year
of the taxpayer begins.

For purposes of section 152(c)(1)(C), an individual meets the age requirements if that individual is under age 19. Sec. 152(c)(3)(A)(i).

Section 152(c)(2) provides that a person bears a relationship to the taxpayer for purposes of section 152(c)(1)(A) "if such individual is--(A) a child of the taxpayer or a descendant of such child, or (B) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative."

Section 152(f)(1) defines the term "child" for purposes of section 152 to mean either "a son, daughter, stepson, or stepdaughter of the taxpayer," sec. 152(f)(1)(A)(i), or "an eligible foster child of the taxpayer",[2] sec. 152(f)(1)(A)(ii). An individual (1) legally adopted by the taxpayer or (2) placed with the taxpayer for adoption by the taxpayer is treated as a child of the taxpayer by blood.[3] Sec. 152(f)(1)(B).

The term "stepson" in section 152(f)(1)(A) is not defined in the Code. "Where, as is the case here, the statute does not define the word, we generally interpret it by using its ordinary

---

[2]Petitioner does not contend that MB is an eligible foster child under sec. 152(f)(1)(A)(ii).

[3]Petitioner does not contend that MB was placed with him for adoption before or during 2006.

and common meaning." <u>Carlson v. Commissioner</u>, 116 T.C. 87, 93 (2001) (fn. ref. omitted). Merriam-Webster's Collegiate Dictionary 1223 (11th ed. 2007), defines the word "stepson" to mean "a son of one's wife or husband by a former partner". Ms. Barfield testified that she is petitioner's girlfriend and did not claim that she married petitioner at any time before or during 2006. On the record before us, we find that during that year MB was not petitioner's stepson under section 152(f)(1)(A)(i).

We have found that petitioner is not biologically related to MB and that he is not MB's adoptive father. See sec. 152(f)(1)(A)(i) and (B). On the record before us, we find that during 2006 MB was not a child of petitioner as defined in section 152(f)(1). On that record, we further find that for petitioner's taxable year 2006 MB is not his qualifying child as defined in section 152(c) and therefore is not his dependent under section 152(a)(1).

We turn now to whether for petitioner's taxable year 2006 MB is petitioner's qualifying relative and therefore is his dependent under section 152(a)(2). Section 152(d) defines the term "qualifying relative" as follows:

SEC. 152. DEPENDENT DEFINED.

(d) Qualifying Relative.--For purposes of this section--

(1) In general.--The term "qualifying relative" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

(B) whose gross income for the calendar year in which such taxable year begins is less than the exemption amount (as defined in section 151(d)),

(C) with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year in which such taxable year begins, and

(D) who is not a qualifying child of such taxpayer or of any other taxpayer for any taxable year beginning in the calendar year in which such taxable year begins.

In order for petitioner to establish that he provided more than one-half of MB's total support during 2006, see sec. 152(d)(1)(C), petitioner must establish (1) the total amount of support from all sources provided to MB during 2006 and (2) that petitioner provided over one-half of that total amount during that year. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent provided by all sources during the year in question must be shown by competent evidence. Blanco v. Commissioner, supra at 514. Where the total amount of support provided to a

child during the year in question is not shown, and may not reasonably be inferred from competent evidence, it is not possible to find that the taxpayer contributed more than one-half of that child's total support.  Id. at 514-515; Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959).

Petitioner did not proffer any evidence establishing the amount of support he provided to MB during 2006, nor did he proffer any evidence establishing the total amount of support from all sources provided to MB during that year.  Petitioner also failed to proffer any evidence from which the Court might infer the total amount of support provided to MB during 2006.  On the record before us, we find that petitioner has failed to carry his burden of establishing that during 2006 he provided more than one-half of MB's total support.  On that record, we further find that petitioner has failed to carry his burden of establishing that for his taxable year 2006 MB is his qualifying relative as defined in section 152(d) and therefore is his dependent under section 152(a)(2).

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2006 to a dependency exemption deduction under section 151(a) for MB.

Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As pertinent here, section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household" if that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "a qualifying child of the individual (as defined in section 152(c) * * *)", sec. 2(b)(1)(A)(i), or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151", sec. 2(b)(1)(A)(ii).

We have found that for petitioner's taxable year 2006 MB is not his qualifying child as defined in section 152(c). We have also found that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2006 to a dependency exemption deduction under section 151(a) for MB.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2006 to head of household filing status under section 2(b).

Child Tax Credit

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer. Section 24(c)(1) defines the term

"qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."[4]

We have found that for petitioner's taxable year 2006 MB is not his qualifying child as defined in section 152(c). On the record before us, we find that for that year MB is not petitioner's qualifying child as defined in section 24(c). On that record, we further find that petitioner is not entitled for his taxable year 2006 to the child tax credit under section 24(a).

Additional Child Tax Credit

The child tax credit provided by section 24(a) may not exceed the taxpayer's regular tax liability. Sec. 24(b)(3). Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

We have found that petitioner is not entitled for his taxable year 2006 to the child tax credit under section 24(a). On the record before us, we find that petitioner is not entitled for his taxable year 2006 to the additional child tax credit under section 24(d).

_____

[4]The parties do not dispute that MB was under age 17 at the close of petitioner's taxable year 2006 and that therefore he satisfies the age restriction in sec. 24(c)(1).

Earned Income Tax Credit

Section 32(a)(1) permits an eligible individual an earned income credit against that individual's tax liability.[5]  As pertinent here, the term "eligible individual" is defined to mean "any individual who has a qualifying child for the taxable year".  Sec. 32(c)(1)(A)(i).  Section 32(c)(3)(A) defines the term "qualifying child" to mean "a qualifying child of the taxpayer (as defined in section 152(c) * * *)."

We have found that for petitioner's taxable year 2006 MB is not his qualifying child as defined in section 152(c).  On the record before us, we find that for that year MB is not petitioner's qualifying child as defined in section 32(c)(3)(A).  On that record, we further find that for that year petitioner is not an eligible individual as defined in section 32(c)(1)(A)(i).  On the record before us, we find that petitioner is not entitled for his taxable year 2006 to the earned income tax credit under section 32(a).[6]

-----

[5]The amount of the credit is determined based on percentages that vary depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children.  Sec. 32(b).  The credit is also subject to a limitation based on adjusted gross income.  Sec. 32(a)(2).  See infra note 6.

[6]Assuming arguendo that petitioner were an eligible individual as defined in sec. 32(c)(1)(A)(ii) for his taxable year 2006, he nonetheless would not be entitled to the earned income tax credit for that year.  That is because petitioner reported adjusted gross income for his taxable year 2006 of $16,213.  Sec.
(continued...)

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[6](...continued) 32(a)(2) completely phases out the earned income tax credit for an eligible individual with no qualifying children where the taxpayer has adjusted gross income in excess of $12,120 for the taxable year 2006.  See Rev. Proc. 2005-70, sec. 3.06(1), 2005-2 C.B. 979, 982.